IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JAMES COY HART, ) | |
| ) | CASE NO. BK09-80064-TJM |
| Debtor(s). ) | A09-8031-TJM |
| JAMES COY HART, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| BEL FURY INVESTMENTS GROUP, L.L.C., ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

This matter is before the court on the defendant's motion for summary judgment (Fil. #13) and resistance by the debtor-plaintiff (Fil. #27). David G. Hicks represents the debtor, and Brian J. Muench represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding was filed in reference to two parcels of real estate in Omaha, Nebraska, formerly owned by Mr. Hart, the debtor. One of those parcels is or was his residence, and the other is or was a rental property. While Mr. Hart was absent from the state for an extended period of time, Bel Fury Investments Group purchased both parcels at an execution sale. The sale was confirmed in November 2008. Mr. Hart filed a Chapter 13 bankruptcy petition in January 2009. Thereafter, he filed this adversary proceeding against Bel Fury alleging that Bel Fury obtained the parcels via a preferential transfer. Bel Fury has now moved for summary judgment, asserting that Mr. Hart cannot establish the necessary elements of a preferential transfer, so judgment should be entered in its favor.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The Eighth Circuit Court of Appeals recently discussed the avoidance of preferential transfers:

> "Under the Bankruptcy Code's preference avoidance section, 11 U.S.C. § 547, the trustee is permitted to recover, with certain exceptions, transfers of property made by the debtor within 90 days before the date the bankruptcy petition was filed." Barnhill v. Johnson, 503 U.S. 393, 394, 112 S. Ct. 1386, 118 L. Ed. 2d 39 (1992). "This rule 'is intended to discourage creditors from racing to dismember a debtor sliding into bankruptcy and to promote equality of distribution to creditors in bankruptcy.'" Lindquist v. Dorholt (In re Dorholt, Inc.), 224 F.3d 871, 873 (8th Cir. 2000) (quoting Jones Truck Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund (In re Jones Truck Lines, Inc.), 130 F.3d 323, 326 (8th Cir. 1997)).
> "Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.), 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.), 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

Wells Fargo Home Mortgage, Inc. v. Lindquist, 592 F.3d 838, 842 (8th Cir. 2010).

Avoidance powers under Chapter 5 of the Bankruptcy Code are exclusively the province of the trustee. The threshold issue to be addressed, therefore, is the debtor's standing to bring this lawsuit. Unlike a debtor in Chapter 11 or Chapter 12, the Code does not give Chapter 13 debtors all of the powers of a trustee. LaBarge v. Benda (In re Merrifield), 214 B.R. 362, 364 (B.A.P. 8th Cir. 1997). Courts in the Eighth Circuit tend to follow the plain language of the statute and hold that debtors do not have standing to bring a § 547 action. Wood v. Mize (In re Wood), 301 B.R. 558, 561-62 (Bankr. W.D. Mo. 2003). However, there are exceptions in the Code giving debtors standing to avoid liens when they impair an exemption, § 522(f), and transfers when the trustee has not done so and the debtor could have claimed an exemption in the property. § 522(h). Because this action falls within § 522(h), the debtor has standing to pursue it.

The following facts are established for purposes of this motion:

1. On June 1, 2006, the District Court of Douglas County, Nebraska, granted summary judgment against Mr. Hart in favor of Vickie Wright, finding that Mr. Hart was liable to Ms. Wright

for professional negligence and awarding Ms. Wright damages of $73,000.00.

    2. That judgment was affirmed on appeal.

    3. Ms. Wright attached various real and personal property owned by Mr. Hart.

    4. In March 2007, the Douglas County Sheriff levied a writ of execution upon two parcels of Mr. Hart's real estate, commonly known as 3464 Spaulding Street and 2201 Maple Street.

    5. On August 13, 2008, the Douglas County Sheriff auctioned those two parcels of real estate.

    6. Bel Fury Investment Group, L.L.C., purchased both parcels for $3,500.00.

    7. On the same day as the sale, but evidently after the sale occurred, Mr. Hart filed a document with the Douglas County District Court claiming both parcels of real estate as exempt and requesting a hearing on his claim. Because the sale had already occurred, the court refused to schedule a hearing.

    8. The Douglas County District Court confirmed the sale on November 7, 2008.

    9. Mr. Hart continued to occupy the Spaulding Street property after the sale, and steps were taken to evict him after the sale was confirmed.

    10. Mr. Hart filed his Chapter 13 bankruptcy petition on January 14, 2009.

    11. Mr. Hart moved in the Douglas County District Court to stay relief or set aside the sale, which the court denied on September 16, 2009, because Mr. Hart's notice of exemption was untimely filed and because Mr. Hart did not appeal the sale confirmation order.

    12. No Chapter 13 plan of reorganization has yet been confirmed in the bankruptcy case.

    As noted above, a preferential transfer requires the transfer of the debtor's interest in property to or for the benefit of a creditor for or on account of an antecedent debt owed by the debtor, made while the debtor was insolvent, made within 90 days before the petition was filed, that enables the creditor to receive more than she would have if the debtor had filed a Chapter 7 bankruptcy. "Transfer" includes voluntary and involuntary dispositions of property. § 101(54).

    Here, Ms. Wright obtained and executed on a judicial lien against Mr. Hart's property. She took the steps necessary to have the sheriff liquidate the real estate and apply the proceeds to her judgment. Mr. Hart had the opportunity to claim a homestead exemption in the property by filing a request for hearing within 20 days of receiving the notice of execution in March 2007. He did not file his request until the day of the sale. While one section of state law appears to provide that a homestead exemption may be claimed and heard at any time prior to the confirmation of the sale, Neb. Rev. Stat. § 40-105, the chapter on levy and executions sets the 20-day deadline, Neb. Rev.

Stat. § 25-1516. On the basis of untimeliness, the District Court of Douglas County refused to hear Mr. Hart's application. He did not appeal that decision. Thereafter, the Douglas County District Court confirmed the sale and directed the sheriff to provide a deed of conveyance to Bel Fury.[1] That order was entered on November 7, 2008, which was fewer than 90 days prior to the petition date. The confirmation of judicial sales is within the discretion of the trial court. First Nat'l Bank of York v. Critel, 555 N.W.2d 773, 775 (Neb. 1996). Mr. Hart did not appeal the sale confirmation order.

The sale transferred Mr. Hart's interest in the real estate. The transfer was made within 90 days prior to the petition date. Under § 547(f), Mr. Hart is presumed to have been insolvent at the time. However, the debtor cannot establish the first element of § 547(b): the transfer was not to the creditor or for the creditor's benefit. Ms. Wright was the creditor, and Bel Fury is simply a third-party purchaser of the property. Ms. Wright, as the creditor, received the proceeds of the sale and would presumably be the proper defendant in a preference action. Even if the debtor were to successfully pursue a preference action against her, he likely could recover only the amount of the proceeds of the sale, rather than the value of the property under § 550. "[A] fair and proper price . . . for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." BFP v. Resolution Trust Corp., 511 U.S. 531, 545 (1994). "When there is no evidence that others are willing to pay more, a judicial sale will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake, or to shock the conscience of the court." First Nat'l Bank of York v. Critel, 555 N.W.2d at 777.

Because it is evident that the plaintiff cannot establish the necessary elements of a preferential transfer against this defendant, Bel Fury's motion for summary judgment should be granted.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. #13) is granted. Separate judgment will be entered.

DATED:     June 16, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David G. Hicks
    *Brian J. Muench
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] The property records are not part of the record in this case, so it is unclear when or if a deed was recorded.